MR. JUSTICE GROVES
delivered the opinion of the Court.
We granted certiorari to review the opinion of the Colorado Court of Appeals found in 37 Colo. App. 78, 545 P.2d 732. We affirm, but for reasons other than those upon which the court of appeals based its decision.
On August 22, 1974 respondent Inwood Industries, Inc. (called the plaintiff) filed in the District Court of El Paso County, Colorado, a complaint to recover judgment in the amount of $6,127.40 for advertising furnished Gene Priestley, d/b/a Pikes Peak Sporting Goods (called the *544 defendant). At the same time the plaintiff filed an affidavit in attachment. On the following day the clerk of the court iss.ued a writ of attachment (conditioned on the furnishing of bond), and on August 24, 1974, acting under the writ, the sheriff attached the merchandise and equipment at defendant’s place of business. The return on the writ discloses that, contemporaneously with the seizure under the attachment writ, service of the writ was made upon the chief clerk and general manager of the defendant.
Three checking accounts of defendant were seized under writs of garnishment which were issued in the same proceeding.
On September 26, 1974 the other respondents filed complaints as plaintiff-intervenors, claiming amounts due from defendant for merchandise purchased.
On November 26th and 27th, 1974 the defendant filed answers to the complaints of all of the respondents. The issues thus made have not been tried.
From prior to the time the action was filed until December 31, 1974, C.R.C.P. 102(p) provided that the defendant was allowed 20 days after service of the writ of attachment upon him to file a traverse to the matters alleged in the affidavit upon which the writ was based. On December 19, 1974, section 102 was readopted as amended “effective January 1, 1975,” providing, inter alia, that at any time before trial the defendant may file his traverse to the affidavit in attachment. 1975 Cum. Supp., C.R.S. 1973 (Vol. 7), C.R.C.P. 102. It is to be noted that, under the provisions of the former rule, the traverse to the plaintiffs affidavit was to be filed on or before September 13, 1974.
On January 23, 1975, attorneys for the parties appeared before the trial judge in connection with the sale of the attached property and other issues. Counsel for the defendant then stated that the defendant was willing that the property be sold, but asked that he be permitted to arrange for the sale of the property in order to obtain a better price than might be obtained at public auction. In answer to the inquiry, “you are not contesting at all our agreement to sell the property and the method of sale,” defense counsel responded: “No. The only thing is to make sure the maximum amount is realized.” Accordingly, the court continued the matter until January 30, 1975, at 3:30 p.m.
In a hearing held on March 6, 1975, the court stated that counsel “was present on the 30th of January when this order was stipulated and agreed upon among counsel and thereafter he had notice of the same all the way through.” The order just referred to by the court was entered on February 5, 1975, nunc pro tunc January 30, 1975. This order, inter alia, directed that “the attached property” be sold at public auction on February 21, 1975 at 10:00 o’clock a.m. at a stated place in Colorado Springs. The defendant was given the right to secure and submit written bids.
*545 At the time of the sale and apparently at the solicitation of the defendant, the parties stipulated that only the inventory be sold that day and fixtures and equipment which were attached be sold at a later date. Accordingly, only the inventory was sold that day, bringing $9,812.23.
On January 24, 1975 the defendant filed a motion to discharge the attachment and on January 30, 1975 filed a traverse to the affidavit supporting the attachment.
In the hearing on March 6, 1975, counsel for the defendant stated, “Now, we intended to object to this sale as soon as I discovered the sale price.”
Also, in the order entered on February 5, 1975, nunc pro tunc January 30, 1975, the court ruled that the traverse and the motion to discharge the attachment were denied “as the Court has applied the law on Attachment which was in effect prior to the new Attachment Amendments in the Colorado Rules of Civil Procedure.” The defendant appealed this ruling to the court of appeals.
There have been no appearances in the court of appeals or in this court by the plaintiff nor any of the plaintiff-intervenors.
The decision of the court of appeals affirmed the trial court’s action in denying the traverse and the application to discharge the attachment, ruling that, since the new C.R.C.P. 102 expressly became effective January 1, 1975, the provisions thereof should not be given retroactive effect. While the court of appeals ruled in other respects, the defendant stated in his petition to us for a writ of certiorari that his “QUESTIONS PRESENTED FOR REVIEW” were only whether the court of appeals erred in failing to require the district court to conduct a hearing under the traverse and the motion to discharge attachment “pursuant to amended Rule 102 of the Colorado Rules of Civil Procedure.”
As there has been only an ex parte presentation here and in the court of appeals, in light of the particular facts in this case we have concluded not to reach the question as to whether the new Rule 102 should be given retroactive effect. After the seizure under the attachment writ, time was of the essence to hold a sale, as substantial storage charges were accruing. The acts of the defendant in failing for such an extended time to raise any question concerning the validity of the attachment were such that he became estopped to assert his traverse of the affidavit. See Johnson v. Neel, 123 Colo. 377, 229 P.2d 939 (1951), and the discussion of estoppel in pais therein contained.
We neither approve nor disapprove of the decision of the court of appeals that Rule 102 should not be given retroactive effect. The result is that this ruling of the court of appeals has no precedential effect.
We affirm the court of appeals on the issue presented to us for a reason other than that used by it.